IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC McDONALD,** *Plaintiff* | : : : | |
| v. | : : | CIVIL ACTION NO. 22-CV-2612 |
| **COMMONWEALTH OF PENNSYLVANIA,** *Defendant* | : : : : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                    NOVEMBER 2, 2022

Plaintiff Eric McDonald, a pretrial detainee currently confined at Northampton County Prison, filed this action against the Commonwealth of Pennsylvania.  McDonald challenges various aspects of his ongoing state prosecution, claiming that certain actions and omissions have violated his due process and equal protection rights and denied him access to the courts.  Currently before the Court are McDonald's Amended Complaint (ECF No. 7), his Motion for Leave to Proceed *In Forma Pauperis* (ECF Nos. 5), and his Prisoner Trust Fund Account Statement (ECF No. 6).  For the following reasons, the Court will grant McDonald leave to proceed *in forma pauperis* and dismiss his claims against the Commonwealth of Pennsylvania with prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

The events in the Amended Complaint pertain to McDonald's prosecution in Northampton County on various charges including rape of a child, statutory sexual assault, and involuntary

---

[1] The factual allegations set forth in this Memorandum are taken from McDonald's Amended Complaint (ECF No. 7), and public court dockets of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  McDonald filed his Amended Complaint before the Court could screen his original complaint.  An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d

deviate sexual intercourse with a child.[2] *See Commonwealth v. McDonald*, CP-48-CR-0004302-2019 (C.P. Northampton County). The public docket in the criminal case reflects that McDonald is still awaiting trial. *See id.*

McDonald's constitutional claims challenge actions taken in his ongoing state court criminal proceeding. He alleges that other "similarly situated persons" actually committed the crimes that form the basis of the prosecution. (Am. Compl. at 2-3.) McDonald also claims to have been denied Orphans' Court transcripts that contain alleged exculpatory evidence. (*Id*. at 3-5.) He further complains that the state court has failed to rule on, or has denied, multiple motions including motions to (1) recuse the trial court judge, (2) compel the release of transcripts and other exculpatory evidence, (3) initiate a thorough investigation of the allegations of minor children, and (4) order the psychiatric evaluation of a third-party witness. (*Id*. at 6-11). McDonald further contends that his private criminal complaints and non-specified civil complaints have been "ignored." (*Id*. at 6-7.) Based on these allegations, McDonald seeks an award of compensatory damages, as well as an order directing the state court to release exculpatory evidence, follow proper procedures to process McDonald's filings, and "timely dispense with pending motions" in the pending criminal matter. (Am. Compl. at 12-13).

## II.   STANDARD OF REVIEW

---

69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

[2] The charges against McDonald also include multiple counts of indecent assault against a person less than 13 years of age, aggravated indecent assault of a child, endangering the welfare of a child (parent/guardian/other commits offense), corruption of minors (defendant age 18 or above), corruption of minors, incest of minors, sexual assault, and unlawful contact with a minor.

The Court will grant McDonald leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As McDonald is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

McDonald asserts federal constitutional claims for violation of his rights to due process, equal protection, and access to courts. (Am. Compl. at 1.)  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under

---

[3] However, as McDonald is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

McDonalds seeks money damages from the only named Defendant, the Commonwealth of Pennsylvania. (*Id*. at 13.) This claim is not plausible. The Commonwealth is not considered a " person" for purposes of § 1983. *See Will v. Mich. Dep' t of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claims for money damages McDonald seeks to assert against the Commonwealth of Pennsylvania may not proceed and will be dismissed with prejudice for failure to state a claim.

Even if the Court were to liberally construe McDonald's Amended Complaint as naming other individuals as Defendants, this civil rights action could not proceed because of *Younger v. Harris*, 401 U.S. 37 (1971). The United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)

The *Younger* requirements are clearly met in this case for McDonald's money damages claims.[4] First, the publicly available docket from the Court of Common Pleas of Northampton

---

[4] McDonald also seeks an order that directs the state court to take certain actions in his ongoing criminal proceedings. (Am. Compl. at 12.) Although state officials may be sued in their official capacities

4

County clearly indicates that criminal proceedings against McDonald are currently pending. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide McDonald an adequate opportunity to argue in the state forum the very arguments he pursues here. Further, there is nothing in the Amended Complaint to indicate that McDonald's claims fall within any of the narrow exceptions to the *Younger* doctrine.[5]

## IV.     CONCLUSION

For the foregoing reasons, the Court grants McDonald leave to proceed *in forma pauperis*. McDonald's claims against the Commonwealth of Pennsylvania will be dismissed with prejudice. Further, the Court concludes that amendment of these claims would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO*, J.

---

where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law, *see Ex parte Young,* 209 U.S. 123 (1908), McDonald has named the Commonwealth as a Defendant, rather than an official of the Commonwealth. Moreover, he seeks relief that would effectively operate against the Commonwealth by requiring it to take certain actions in an ongoing state court prosecution in contravention of *Younger*. In addition, like the Commonwealth, the Northampton Court of County Pleas is not a "person" for purposes of § 1983 and, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Accordingly, allowing McDonald to amend in this instance would be futile.

[5] Exception to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).